UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT LEE CHILDRESS, JR., | ) | Case No.: 4:14 CV 0691 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| JOE COAKLEY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is *pro se* petitioner Robert Lee Childress's habeas corpus Petition filed pursuant to 28 U.S.C. § 2241. Mr. Childress, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), names F.C.I. Elkton Warden Joe Coakley as Respondent. He claims the Respondent is illegally executing his sentence. Mr. Childress has also filed a Motion for Expedited Hearing and, after paying the filing fee on May 2, 2014, a Motion to Proceed *In Forma Pauperis.* He seeks immediate release. For the reasons set forth below, the Petition is dismissed.

*Background*

In 2002, Mr. Childress pleaded guilty to violating 18 U.S.C. § 1014, False Statement,

in the United States District Court for the Eastern District of Michigan.[1]  *See United States v. Childress*, No. 2:00-cr-80466 (E.D. Mich.)(Steeh, J.) On June 13, 2002, Judge George Caram Steeh sentenced him to serve 11 months imprisonment, "to run consecutive to any state court sentence imposed." *Id*. (Doc. No. 31). A five year supervised release term was also imposed.[2]

Four years after sentencing Mr. Childress, Judge Steeh issued a warrant for his arrest on March 8, 2006. (Doc. No. 33). The senior probation officer reported that Mr. Childress entered a guilty plea on December 13, 2005 to a state felony charge of Non-Sufficient Funds over $500.00 in *Michigan v. Childress*, No. 05-12449. *Id.* Mr. Childress was ordered to pay a fine for that offense.

After a hearing was held regarding the revocation of Mr. Childress's supervised release, Judge Steeh entered a judgment on May 9, 2007. *Id*. (Doc. No. 40). He ordered Petitioner's original term of five years supervised release, imposed on June 13, 2002, continued. Two years later, Mr. Childress filed a Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255. *See Childress v. United States,* No. 2:09cv15057 (E.D. Mich. filed Dec. 30, 2009). The Motion was dismissed as untimely on June 30, 2010. *Id*. Mr. Childress's attorney timely filed a Notice of Appeal, but Judge Steeh denied him a Certificate of Appealability (COA). Petitioner further claims that his attorney's competence was sub par because he did not adequately research Michigan law. The Sixth Circuit affirmed the district court's decision.

---

[1] Because Mr. Childress's Petition is integrally tied to his original federal sentence and revocation of his supervised release, the Court relied on the sentencing history provided through the Public Access to Court Electronic Records (PACER) to assure accuracy.

[2] In a subsequent report to the trial court from the senior probation officer, it reveals Mr. Childress's supervised release term began on March 27, 2004.

On October 1, 2010, Judge Steeh issued a judgment committing "[petitioner" to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 3 years, to run consecutive to his State of Michigan convictions. No term of supervised release to follow." (Doc. No. 69). A public defender was appointed to Mr. Childress, who filed a Notice of Appeal through his attorney on October 4, 2010. The appeals court denied his COA and all pending motions. On February 8, 2012, it affirmed the district court's decision.

Mr. Childress filed a third Motion to Vacate on August 8, 2012. Judge Steeh denied the Motion on July 3, 2013, as well as a COA. Petitioner appealed that decision, which is now pending. On May 2, 2014, the Sixth Circuit denied his motion for a certificate of appealability as well as his motions for *in forma pauperis* status and to expedite. *See Childress v. United States*, No. 13-2367 (6th Cir. May 2, 2014).

Petitioner now argues Judge Steeh "placed Petitioner in violation Grade level A based on the statutory maximum of his indeterminate state sentence of 54 to 360 months." (Doc. No. 1 at 1.) He claims Judge Steeh abused his discretion and that this Court has jurisdiction to set this matter aside based on a miscarriage of justice.

*Initial Review*

This matter is before the court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner. *Jones v. Russell*, 396 F.2d 797 (6th Cir. [1968]); *Gray v.*

*Johnson*, 354 F.2d 986 (6th Cir. [1965]).″ *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970). Mr. Childress has not met his burden.

*28 U.S.C. §2241*

A district court is mandated to direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495.

Mr. Childress's custodian is the warden at F.C.I. Elkton in Ohio. Because the respondent warden is within this Court's "respective jurisdiction,"[3] it has the power to grant a federal writ. 28 U.S.C. § 2241; *see Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir.2004)("a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.") Although this Court has personal jurisdiction to act, it lacks subject matter over the nature of Mr. Childress's claims.

*Lack of Subject Matter Jurisdiction*

A federal court is obligated to ensure it enjoys subject matter jurisdiction to hear a case. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431 (2007)("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") Absent jurisdiction, a court "cannot proceed at all in any cause. Jurisdiction is the power to declare law, and when it ceases to exist, the only function remaining to the court is

---

[3] District courts have the power to grant writs "within their respective jurisdictions." 28 U.S.C. §2241(a).

that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)(citation omitted). This Court may, however, "take a 'peek' at merits of petitioner's claim, in order to determine whether a [28 U.S.C.A. § 1631] transfer to the correct district would be appropriate, in interests of justice, or whether transfer would be waste of time due to infirmities in petition." *Phillips v. Seiter,* 173 F.3d 609, 610-11 (7th Cir. 1999).

Section 2241 authorizes a district court to grant a writ of habeas corpus only if the petitioner establishes that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This includes claims seeking to challenge the execution or manner in which the sentence is served. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). While Mr. Childress claims he is challenging the execution of his sentence, he is actually trying to set aside the sentence imposed by the trial court, a matter that is exclusively within the trial court's jurisdiction. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). And the remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Id.*

A federal prisoner may only bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952). As the First Circuit noted, "where a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255." *United States v. Barrett*, 178 F.3d 34, 53 (1st Cir.1999), *cert. denied*, 528 U.S. 1176 (2000). The record clearly shows Mr. Childress was afforded, and took advantage, of every opportunity to address his sentencing concerns. Moreover, it appears his latest appeal is still

pending in the Sixth Circuit.

Mr. Childress has failed to show that his § 2255 remedy is inadequate or ineffective. A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. Accordingly, this Court is without jurisdiction to address this Petition, which is dismissed.

*Conclusion*

Based on the foregoing, the Motion for Expedited Hearing (Doc. No. 2) and Motion to Proceed *In Forma Pauperis* (Doc. No. 3) are denied as moot. Inasmuch as the Court lacks subject matter jurisdiction over this action, Mr. Childress is not entitled to habeas relief and the Petition is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

June 30, 2014